**EXHIBIT D**

**UST Motion to Dismiss**

In re:   Carrols Corp,                                    Case No. 24-20601-gmh
                                                                    (Chapter 15)

            Debtor.

In re:   Carrols LLC,                                     Case No. 24-20602-gmh
                                                                    (Chapter 15)

            Debtor.

## UNITED STATES TRUSTEE'S EXPEDITED MOTION TO DISMISS

United States Trustee Patrick S. Layng, by Attorney Laura D. Steele, moves on an *expedited*[1] basis for an order dismissing the chapter 15 petitions of "Carrols LLC" and "Carrols Corp" filed in the Eastern District of Wisconsin on February 9, 2024. The chapter 15 petitions were not authorized by the purported debtors and appear to have been filed for an improper purpose.  The Court should immediately dismiss these cases under 11 U.S.C. § 305(a)(1). In support of the Motion, the United States Trustee states as follows:

### BACKGROUND

1.      Upon information and belief, Robert W. Johnson, 65 Sidney St., Buffalo NY 14211, caused the chapter 15 petitions of Carrols LLC, Case No. 24-20602-gmh, and Carrols Corp, Case No. 24-20602-gmh, to be filed in the United States Bankruptcy Court for the Eastern District of Wisconsin on February 9, 2024. Case No. 24-20602-gmh, ECF No. 1; Case No. 24-20602-gmh, ECF No. 1.

---

[1] The United States Trustee will file a separate motion requesting expedited relief for the Court's consideration.

Attorney Laura D. Steele
Office of the United States Trustee
517 East Wisconsin Avenue, Room 430
Milwaukee, WI 53202
Phone:  414-297-4482; Laura.Steele@usdoj.gov

2. Carrols LLC and Carrols Corp are subsidiaries of Carrols Restaurant Group, Inc. Carrols Restaurant Group Inc., headquartered in Syracuse, New York, is the largest Burger King franchisee in the United States today, operating 1,022 Burger King restaurants in 23 states that generated approximately $1.8 billion of system sales during the twelve-months ended September 30, 2023. Carrols also owns and operates 60 Popeyes restaurants in six states. It is a publicly traded company. (Jared L. Landaw Declaration ¶ 1-7) (hereinafter, "Landaw Decl.").

3. Robert W. Johnson is not an authorized representative of Carrols LLC or Carrols Corp. (Landaw Decl. at ¶ 19-20, 22, 35, 37).

4. Neither Carrols LLC nor Carrols Corp authorized the chapter 15 petitions filed on February 9, 2024. (Landaw Decl. ¶ 10, 11).

5. Carrols LLC and Carrols [Corporation] are not financially distressed companies and are not subject to any foreign proceeding. (Landaw Decl. ¶ 8, 14, 29).

6. Indeed, the chapter 15 petitions themselves lack any proof of the existence of a foreign proceeding or the appointment of an authorized foreign representative as required under 11 U.S.C. § 1515. Case No. 24-20602-gmh, ECF No. 1; Case No. 24-20602-gmh, ECF No. 1.

7. Instead, the petitions bear numerous indications of fraud:

   a. The petitions are not signed.

   b. The petitions for these corporate debtors were filed *pro se*. No attorney has entered an appearance in these cases.

   c. The petitions do not include any corporate resolutions that indicate authority for the petitions to be filed.

   d. The filing fees have not been paid.

   e. The petitions were filed under chapter 15 – a provision for foreign entities. But the purported debtors are not foreign entities.

2

f.   The purported debtors are headquartered in New York. It is unknown why the purported debtors would choose the Eastern District of Wisconsin as their venue.

g.   The chapter 15 petition of Carrols Corp includes a "Notice of Chapter 11 Bankruptcy case." Case No. 24-20601-gmh, ECF No. 1 at 4-5. It is incongruous to prepare a notice of chapter 11 bankruptcy for a chapter 15 petition.

h.   And the chapter 15 petition of Carrols LLC includes a "Notice of Chapter 13 Bankruptcy case." Case No. 24-20602-gmh, ECF No. 1 at 10-11. A corporate debtor is not eligible to proceed under chapter 13. It is incongruous to prepare a notice of chapter 13 bankruptcy for a chapter 15 petition, let alone an ineligible corporate debtor.

i.   Both chapter 11 and chapter 13 bankruptcy notices indicate that "Willie Johnson" of Buffalo, New York, is the attorney of record for the purported debtors. The records for the United States District Court for the Eastern District of Wisconsin do not reflect the admission of any individual named "Willie Johnson" of Buffalo, New York. The Court's records further do not reflect the admission of any individual named Robert W. Johnson. *See* https://ecf.wied.uscourts.gov/cgi-bin/BarLookup.pl (last accessed February 12, 2024). The United States Trustee is without any information demonstrating that Willie Johnson or Robert W. Johnson are attorneys in good standing in any court within the United States.

8.     The United States Trustee has found records indicating that an individual named Robert W. Johnson has an extensive history of court-imposed anti-filing injunctions due to frivolous and malicious lawsuits. Upon information and belief, it appears these chapter 15 petitions are yet another frivolous use of the federal court system by this individual.

9.     For example, in May 2022, Northern District of New York Chief Judge Brenda K. Sannes issued a show cause order to Robert W. Johnson of 65 Sidney St., Buffalo, NY 14211, to determine whether the court should enjoin him from filing future pleadings or documents of any kind in the United States District Court for the Northern District of New York. *In re Johnson* (N.D. N.Y. Case No. 22-pf-00003). The order noted that, "between April 26, 2022, and May 5, 2022–a period of only ten (10) days–Respondent filed forty-seven (45) pro se civil rights actions

in this District….” *Id*. at ECF No. 1 p. 2. **Exhibit 1.**[2] Available at:

https://ecf.nynd.uscourts.gov/doc1/12516163433 (last accessed February 12, 2024). The Court

further recounted abusive conduct in the Southern District of New York, the Western District of

New York, and the District of Vermont. *Id.* at 5-6. “Indeed, the Southern District of New York

has at least three times barred Respondent filing pro se civil actions without further leave of the

Court.” *Id*. at 6. Johonson filed a one-page objection that neither denied nor offered apologies for

his vexatious conduct.

10.     The Court issued its ruling on May 19, 2022. **Exhibit 2**. Available  at:

https://ecf.nynd.uscourts.gov/doc1/12516175483 (last accessed February 12, 2024). The Court

observed that following the show cause order, Johnson filed *22 more* questionable actions.

Exhibit 2 p. 2. The Court imposed a permanent injunction against Johnson from filing any

pleadings or documents of any kind as a *pro se* plaintiff in the U.S. District Cout for the Northern

District of New York. The Court further put Johnson on notice that false or misleading recitals in

documents “may subject [Johnson] to further sanctions under Fed. R. Civ. P. 11, 28 U.S.C. §

1927 and/or the Court’s inherent power to sanction a litigant for bad-faith conduct or for

disobeying court orders….” Exhibit 2 p. 7-8.

11.     While drafting this motion, the United States Trustee discovered that, upon

information and belief, Willie Johnson and or Robert W. Johnson caused at least four additional

chapter 15 petitions to be filed on behalf of the purported debtors in Illinois and Colorado – *In re*

*Carrols LLC,* Bankr. C.D. Ill. Case No. 24-70090; *In re Carrols LLC,* Bankr. D. Colo. Case No.

24-10540; *In re Carrols Corp*, Bankr. C.D. Ill. Case No. 24-70091; *In re Carrols Corp*, Bankr.

---

[2] Due to the urgency of filing this motion, the United States Trustee has not obtained certified copies of these court pleadings. The United States Trustee will endeavor to obtain certified copies of Exhibits 1 and 2 upon the Court’s request.

4

D. Colo. Case No. 24-10538. The Central District of Illinois chapter 15 petitions and attachments are largely identical to the petitions filed in the Eastern District of Wisconsin. The District of Colorado pleadings have been sealed by the Bankruptcy Court.

12.     Upon information and belief, the unauthorized filing of chapter 15 petitions in the United States Bankruptcy Courts for the Eastern District of Wisconsin, the Central District of Illinois, and Colorado, by Willie Johnson and or Robert W. Johnson, demonstrate vexatious conduct that this Court should halt by immediate dismissal of these pending cases and imposition of appropriate sanctions.

## ARGUMENT

13.     The Court has the power to dismiss these chapter 15 petitions under 11 U.S.C. 305(a)(1), which provides: "(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if-- (1) the interests of creditors and the debtor would be better served by such dismissal or suspension…"

14.     These cases should be immediately dismissed because (1) they were not authorized; (2) they do not come close to meeting the requirements of 11 U.S.C. § 1515, *et. seq.*; (3) the purported *pro se* corporate debtors are not represented by counsel; and (4) the purported debtors have identical petitions now pending in the United States Bankruptcy Court for the Central District of Illinois as well as the District of Colorado. The United States Trustee seeks to have his motion heard on an expedited basis because the purported debtors are part of a large, publicly traded corporation with investors. The longer these cases are pending, the risk of harm to the company and confusion by investors and the public is heightened.

15.     The lack of authority to file these petitions is cause for dismissal alone. The attached Declaration of Carrols Restaurant Group, Inc.'s designated representative Jared L.

Landaw demonstrates that no corporate authority was given to file these bankruptcy petitions. *See In re Gen-Air Plumbing & Remodeling, Inc.*, 208 B.R. 426, 430 (Bankr. N.D. Ill. 1997) ("The power to file a voluntary petition in bankruptcy on behalf of an Illinois corporation, like many other states, rests with its board of directors."). The unsigned petitions do not include any corporate resolutions indicating authority to file the petitions on behalf of the purported debtors. The Court should dismiss these petitions for lack of authority.

16. The instigators of these petitions assert that 11 U.S.C. § 1515, *et. seq.*, is applicable to the purported debtors. The assertion is non sequitur. The purported debtors are United States corporate entities, headquartered in Syracuse, New York. They are not the subjects of any foreign proceedings. No foreign representative has been appointed. Chapter 15 of the U.S. Bankruptcy Code is intended to provide a mechanism for insolvency cases involving debtors, assets, claimants and other partners of interest in a foreign country. *See* 11 U.S.C. § 101(23). The petition must be accompanied by documents showing the existence of the foreign proceeding and the appointment and authority of the foreign representative. 11 U.S.C. § 1515. No such documents have been included with the petitions in these cases. The Court should therefore dismiss these cases for cause as the purported debtors do not appear to be eligible to proceed under Chapter 15.

17. Next, the purported debtors are not represented by counsel. The purported corporate debtors may not proceed *pro se*. The Court should dismiss these cases for lack of counsel. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (Seventh Circuit Court of Appeals holding that "…corporations must appear by counsel or not at all.").

18.     And, in light of the now pending petitions in the Central District of Illinois and the District of Colorado, the purported Debtors appear to have simultaneous petitions pending. The existence of simultaneous proceedings is contrary to the Bankruptcy Code, which is intended to administer a debtor's property and debts through the creation of a single estate. *See Assocs. Fin. Servs. Corp. v. Cowen*, 29 B.R. 888, 894 (Bankr. S.D. Ohio 1983).  The existence of at least three petitions for each purported debtor is further cause to dismiss these cases.

## CONCLUSION

There is no interest being served by the pendency of these unauthorized petitions other than that of a vexatious litigant. The individual or individuals who commenced these petitions do not have any apparent business connection to the purported debtors. Yet, they have caused pleadings to be filed in federal court with legal deficiencies and factual falsehoods. They report to be the attorneys and foreign representatives for the purported debtors without any substantiation of those claims.  Their fraudulent conduct is malicious and should not be tolerated by this Court.  The interests of the purported debtors, any creditors, and the public is best served by dismissal under 11 U.S.C. § 305(a)(1).

WHEREFORE, the United States Trustee requests that the Court dismiss these cases for cause and grant such other relief as may be just.

Dated:  February 12, 2024.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
United States Trustee

*Laura D. Steele*
LAURA D. STEELE
Attorney for the United States Trustee

7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: ROBERT W. JOHNSON,                    5:22-PF-0003 (GTS)

                        **Respondent.**
_____

**GLENN T. SUDDABY, Chief United States District Judge**

<u>**ORDER TO SHOW CAUSE**</u>

      Recently the undersigned determined that grounds may exist to enjoin Robert W. Johnson ("Respondent") from filing any future pleadings or documents of any kind (including motions) in this District _pro se_ without prior permission of the Chief Judge or his or her designee.

      It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." _Shafii v. British Airways, PLC_, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. _See Hong Mai Sa v. Doe_, 406 F.3d 155, 158 (2d Cir. 2005) (citing _Iwachiw v. New York State Dep't of Motor Vehicles_, 396 F.3d 525, 528 [2d Cir. 2005]); _see also Shafii_, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5)

> whether other sanctions would be adequate to protect the courts
> and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d

Cir. 1986]).

Here, after carefully reviewing the record, the Court concludes that, unless he

shows cause otherwise, Respondent should be enjoined from filing any future

pleadings or documents of any kind (including motions) in this District *pro se* without

prior permission of the Chief Judge or his or her designee (except pleadings or

documents in an action that is open at the time of the issuance of the Court's anti-filing

injunction, until that action is closed).

A review of Respondent's litigation history on the District's Case Management /

Electronic Case Filing (CM/ECF) System reveals that, between April 26, 2022, and May

5, 2022–a period of only ten (10) days–Respondent filed forty-seven (45) pro se civil

rights actions in this District:

| | Case Number | | Date Filed |
|---|---|---|---|
| 1. | 5:22-cv-00463-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 2. | 5:22-cv-00464-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 3. | 5:22-cv-00465-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 4. | 5:22-cv-00466-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 5. | 5:22-cv-00467-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 6. | 5:22-cv-00389-GLS-ML | (N.D.N.Y.) | 04/26/22 |
| 7. | 5:22-cv-00396-GLS-ML | (N.D.N.Y.) | 04/28/22 |
| 8. | 5:22-cv-00403-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 9. | 5:22-cv-00404-GLS-ML | (N.D.N.Y.) | 05/02/22 |

| 10. | 5:22-cv-00405-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 11. | 5:22-cv-00406-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 12. | 5:22-cv-00407-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 13. | 5:22-cv-00408-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 14. | 5:22-cv-00409-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 15. | 5:22-cv-00410-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 16. | 5:22-cv-00411-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 17. | 5:22-cv-00412-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 18. | 5:22-cv-00413-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 19. | 5:22-cv-00414-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 20. | 5:22-cv-00415-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 21. | 5:22-cv-00416-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 22. | 5:22-cv-00417-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 23. | 5:22-cv-00418-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 24. | 5:22-cv-00419-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 25. | 5:22-cv-00420-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 26. | 5:22-cv-00421-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 27. | 5:22-cv-00424-GLS-ML | (N.D.N.Y.) | 05/03/22 |
| 28. | 5:22-cv-00425-TJM-ATB | (N.D.N.Y.) | 05/03/22 |
| 29. | 5:22-cv-00426-BKS-ATB | (N.D.N.Y.) | 05/03/22 |
| 30. | 5:22-cv-00439-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 31. | 5:22-cv-00440-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 32. | 5:22-cv-00441-GTS-TWD | (N.D.N.Y.) | 05/05/22 |

| 33. | 5:22-cv-00442-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 34. | 5:22-cv-00443-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 35. | 5:22-cv-00444-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 36. | 5:22-cv-00445-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 37. | 5:22-cv-00447-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 38. | 5:22-cv-00449-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 39. | 5:22-cv-00450-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 40. | 5:22-cv-00451-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 41. | 5:22-cv-00452-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 42. | 5:22-cv-00453-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 43. | 5:22-cv-00454-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 44. | 5:22-cv-00455-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 45. | 5:22-cv-00457-GTS-TWD | (N.D.N.Y.) | 05/05/22.[1] |

Even a cursory review of the 16 actions pending before the undersigned (i.e., those whose case numbers are followed by the initials "GTS") reveals that (1) they consist of purported "appeals" from decisions and/or orders recently issued by the United States District Court for the District of Vermont,[2] and (2) Respondent was

[1]     The Court notes that, before April 27, 2022, Respondent filed two other actions in this District, both of which were sua sponte dismissed. *See Johnson v. Hale*, 9:15-cv-01513-GLS-TWD, Decision and Order (N.D.N.Y. (filed 04/25/16); *Johnson v. Fischer*, 1:19-cv-01384-TJM-DJS, Decision and Order (N.D.N.Y. filed 03/23/20).

[2]     The Court notes that a review of the District of Vermont's CM/ECF System confirms this fact. *See* 2:22-cv-00030-WKS (D. Vt.) (filed 02/07/22; sua sponte dismissed 04/07/22); 2:22-cv-00032-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22; 2:22-cv-00033-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00035-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22; 2:22-cv-00036-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00037-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00038-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed

advised of the impropriety of filing such actions but insisted on doing so anyway.  A

review of the remaining 29 actions reveals similar cavalier disregard for the Federal

Rules of Civil Procedure (including Rules 8, 10 and 12).[3]

Finally, a similar abusive litigation history is revealed by a review of the CM/ECF

Systems for the Southern District of New York,[4] the Western District of New York,[5] and

--------

04/08/22); 2:22-cv-00039-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/07/22); 2:22-cv-00040-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00041-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00042-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/07/22); 2:22-cv-00043-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00044-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00045-WKS (D. Vt.) (filed 02/14/22; sua sponte dismissed 04/07/22); 2:22-cv-00049-WKS (D. Vt.) (filed 02/14/22; sua sponte dismissed 04/07/22); 2:22-cv-00070-WKS (D. Vt.) (filed 03/22/22; sua sponte dismissed 04/07/22); 2:22-cv-00081-WKS (D. Vt.) (filed 04/04/22; sua sponte dismissed 04/08/22).

3       *See, e.g.,*  5:22-cv-00463-MAD-TWD(N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00463-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00465-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00466-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00467-MAD-TWD (N.D.N.Y.) (operative pleading consists of an "Appeal for Alleged Injunction").

4       *See, e.g.,* 1:19-cv-02902-CM (S.D.N.Y.) (filed 03/29/19; dismissed 05/22/19); 1:19-cv-03345-VEC-RWL (S.D.N.Y.) (filed 04/12/19; dismissed 11/02/20); 1:19-cv-05090-LLS (S.D.N.Y.) (filed 05/29/19; dismissed 06/26/19); 1:19-cv-06272-LLS (S.D.N.Y.) (filed 07/02/19; dismissed 07/15/19); 1:19-cv-07111-CM (S.D.N.Y.) (filed 07/30/19; dismissed 11/25/19); 1:19-cv-07337-GHW (S.D.N.Y.) (filed 08/05/19; dismissed 07/13/20); 1:19-cv-08157-MKV (S.D.N.Y.) (filed 08/30/19; dismissed 01/25/21); 1:19-cv-08249-CM (S.D.N.Y.) (filed 09/03/19; dismissed 01/31/20);  1:19-cv-08508-CM (S.D.N.Y.) (filed 09/10/19; dismissed 11/15/19); 1:19-cv-08662-CM (S.D.N.Y.) (filed 09/18/19; dismissed 11/12/19); 1:19-cv-08832-CM (S.D.N.Y.) (filed 09/20/19; dismissed 12/03/19); 1:19-cv-09336-CM (S.D.N.Y.) (filed 10/07/19; dismissed 11/26/19); 1:19-cv-11127-CM (S.D.N.Y.) (filed 12/02/19; dismissed 01/24/20); 1:19-cv-11128-CM (S.D.N.Y.) (filed 12/02/19; dismissed 01/27/20);  1:19-cv-11202-CM (S.D.N.Y.) (filed 12/05/19; dismissed 02/05/20); 1:19-cv-11831-CM (S.D.N.Y.) (filed 12/20/19; dismissed 02/14/20); 1:20-cv-01368-CM (S.D.N.Y.) (filed 02/14/20; dismissed 08/13/20); 1:20-cv-03303-LLS (S.D.N.Y.) (filed 04/23/20; dismissed 05/21/20).

5       *See* 1:05-cv-00658-RJA (W.D.N.Y.) (filed 09/16/05; dismissed 07/21/10); 1:14-cv-00355-RJA (W.D.N.Y.) (filed 05/12/14; dismissed 06/03/14); 1:14-cv-0359-RJA (W.D.N.Y.)

(as previously indicated) the District of Vermont.[6]  Indeed, the Southern District of New York has at least three times barred Respondent filing pro se civil actions without further leave of the Court.[7]

Based on Respondent's abusive litigation history in this Court, the undersigned has difficulty finding that he possessed an objective good-faith expectation of prevailing in any of his actions, which have caused, are causing and/or will cause needless expense to other parties and the Court.  Moreover, given that Respondent has been advised of and has disregarded the consequences of such abusiveness, the undersigned finds that other sanctions would be inadequate to protect other parties and the Court.

Notwithstanding the overwhelming support for an anti-filing injunction, fairness dictates that Respondent be given notice and an opportunity to be heard.  *See Iwachiw*, 396 F.3d at 529.  As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without

---

(filed 05/14/14; dismissed 06/12/17); 1:19-cv-00514-EAW (W.D.N.Y.) (filed 04/01/19; dismissed 01/13/20); 1:19-cv-01288-EAW (W.D.N.Y.) (filed 08/30/19; dismissed 03/29/21); 1:19-cv-01385-JLS (W.D.N.Y.) (filed 09/05/19; dismissed 03/03/21); 1:19-cv-1447-JLS (W.D.N.Y.) (filed 10/30/19; dismissed 08/27/21); 1:19-cv-1475-JLS (W.D.N.Y.) (filed 08/30/19; dismissed 03/21); 1:19-cv-1484-JLS (W.D.N.Y.) (filed 08/30/19; dismissed 02/19/21); 1:19-cv-01529-JLS (W.D.N.Y.) (filed 11/12/19; dismissed 08/27/21); 1:20-cv-00269-JLS (W.D.N.Y.) (filed 03/04/20; dismissed 08/28/21); 1:20-cv-00304-JLS (W.D.N.Y.) (filed 03/13/20; dismissed 02/19/21); 1:20-cv-00346-JLS (W.D.N.Y.) (filed 03/23/20; dismissed 12/22/20).

[6]      *See, supra,* note 2 of this Order to Show Cause.

[7]      *See Johnson v. Wolf*, 1:19-cv-07337-GHW, Bar Order (S.D.N.Y. filed 07/13/20); *Johnson v. New York Police Dep't*, 1:20-cv-01368-CM, Bar Order (S.D.N.Y. filed 08/13/20); *Johnson v. Town of Onondaga*, 1:19-cv-11128-CM, Bar Order (S.D.N.Y. filed 04/01/21).

prior permission of the Chief Judge or his or her designee (except pleadings or

documents in an action that is open at the time of the issuance of the Court's anti-filing

injunction, until that action is closed).

ACCORDINGLY, it is

ORDERED that Respondent shall, within FOURTEEN (14) DAYS of the date of

this Order, show cause, *in writing*, why he should not be enjoined from filing any future

pleadings or documents of any kind (including motions) in the Northern District of New

York *pro se* without prior permission of the Chief Judge or his or her designee (except

pleadings or documents in an action that is open at the time of the issuance of the

Court's anti-filing injunction or "Pre-Filing Order," until that action is closed);[8] and it is

further

ORDERED that, if Respondent does not fully comply with this Order, the Court

will issue a subsequent order, without further explanation, permanently so enjoining

Respondent; and it is further

ORDERED that the Clerk shall provide a copy of this Order to Respondent by

certified mail; and it is further

---

[8]     In addition, nothing in the injunction would (1) hinder Respondent's ability to defend himself in any criminal action brought against him, or bring a habeas corpus action, or (2) limit his access as a plaintiff to any court other than the United States District Court for the Northern District of New York.  However, the injunction would apply to, among other things, continued filings of documents by Respondent as a *pro se* plaintiff in the following actions: (1) an action opened by him in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by him in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases); and (3) an action opened by him in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds previously trodden by Respondent in this Court, and asserted against defendants who had been previously sued by him in this Court on similar grounds), *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-5 & nn.3 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases).

**ORDERED** that <u>Respondent shall no longer email, call or visit the Clerk's Office</u>

<u>of the U.S. District Court for the Northern District of New York pro se. To the extent</u>

<u>Respondent would like to file something with the U.S. District Court for the Northern</u>

<u>District of New York pro se (including his Response to this Order to Show Cause), he</u>

<u>must do so by mail</u>.

Dated:        May 6, 2022
              Syracuse, New York


Hon. Glenn T. Suddaby
Chief U.S. District Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

IN RE: ROBERT W. JOHNSON,                    Case No. 5:22-PF-0003 (GTS)

                         **Respondent.**

─────────────────────────────────

## <u>PRE-FILING ORDER</u>

On May 6, 2022, Robert W. Johnson ("Respondent") was ordered by the
undersigned to show cause as to why he should not be enjoined from filing any
pleadings or documents of any kind (including motions) as a *pro se* plaintiff in the U.S.
District Court for the Northern District of New York without prior permission of the Chief
Judge or his or her designee (except pleadings or documents in a case that is open at
the time of the issuance of the Court's Pre-Filing Order, until that case is closed).  (Dkt.
No. 1.)

On May 11, 2022, Respondent filed a one-page "Motion to Deny Injunctions
Against Robert W. Johnson," whose only substantive argument (in response to the
Court's tentative conclusion that he should be enjoined) is that Respondent has "active
Due Process Violations [sic] & a host of other Civil Actions that have violated
[Respondent's] U.S. Constitutional Rights and Civil Liberties."  (Dkt. No. 2.)

As the Court stated in its Order to Show Cause, the injunction would apply to all
pro se filings "except pleadings or documents in a case that is open at the time of the
issuance of the Court's Pre-Filing Order, until that case is closed."  (Dkt. No. 1, at 2, 7.)
As a result, Respondent's argument is unpersuasive.  Furthermore, Respondent neither
denies nor apologizes for any portion of the Court's recitation of his litigation history.
(*Compare* Dkt. No. 2, at 1 *with* Dkt. No. 1, at 2-6.)

Indeed, rather than properly respond to the Order to Show Cause, Respondent has used the fourteen-day period in which show cause to file 22 other similarly questionable civil actions *pro se*. *See* 5:22-cv-00443-GTS-TWD; 5:22-cv-00444-GTS-TWD; 5:22-cv-00445-GTS-TWD; 5:22-cv-00446-GTS-TWD; 5:22-cv-00447-GTS-TWD; 5:22-cv-00448-GTS-TWD; 5:22-cv-00449-GTS-TWD; 5:22-cv-00450-GTS-TWD; 5:22-cv-00451-GTS-TWD; 5:22-cv-00452-GTS-TWD; 5:22-cv-00453-GTS-TWD; 5:22-cv-00454-GTS-TWD; 5:22-cv-00455-GTS-TWD; 5:22-cv-00456-GTS-TWD; 5:22-cv-00457-GTS-TWD; 5:22-cv-00463-MAD-TWD; 5:22-cv-00464-MAD-TWD; 5:22-cv-00465-MAD-TWD; 5:22-cv-00466-MAD-TWD; 5:22-cv-00467-MAD-TWD; 5:22-cv-00474-LEK-ATB; 9:22-cv-00475-TJM-ML; 5:22-cv-00511-DNH-ATB; 5:22-cv-00512-DNH-ATB; 5:22-cv-00513-DNH-ATB; 5:22-cv-00514-DNH-ATB; 5:22-mc-00007-MAD-TWD; 5:22-mc-00008-MAD-TWD; 5:22-mc-00009-MAD-TWD; 5:22-mc-00010-MAD-TWD; 5:22-mc-00011-MAD-TWD.

For all of these reasons (and those stated in the Court's Order to Show Cause), Respondent is permanently enjoined from filing any pleadings or documents of any kind (including motions) as a *pro se* plaintiff in the U.S. District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed), subject to the requirements outlined below.

**NOTICE TO PRO SE LITIGANTS: FAILURE TO STRICTLY COMPLY WITH THE REQUIREMENTS OUTLINED BELOW MAY SUBJECT YOU TO FURTHER SANCTIONS, INCLUDING THE DISMISSAL OF YOUR COMPLAINT/PETITION OR STRIKING OF YOUR SUBMISSION.**

2

**ACCORDINGLY**, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1651(a), Respondent is permanently

enjoined from filing any pleadings or documents of any kind (including motions) as a

*pro se* plaintiff in the U.S. District Court for the Northern District of New York without

prior permission of the Chief Judge or his or her designee (except pleadings or

documents in a case that is open at the time of the issuance of the Court's Pre-Filing

Order, until that case is closed),[1] subject to the requirements outlined below; and it is

further

**ORDERED** that the Clerk of the United States District Court for the Northern

District of New York shall maintain the current file (5:22-PF-0003) with the general title

"In Re: Robert W. Johnson."  Unless otherwise ordered by the Chief Judge or his or her

designee, this file shall serve as the repository of all orders relating to Respondent in

this District, pleadings or documents submitted under the procedures set forth herein,

any order entered pursuant thereto, and any document of any kind, whether stricken or

not, submitted *pro se* by Respondent (except pleadings or documents in a case that is

open at the time of the issuance of this Pre-Filing Order, until that case is closed).  The

---

[1]     This injunction applies to, among other things, continued filings of documents by
Respondent as a *pro se* plaintiff in the following actions: (1) an action opened by him in this
Court through the filing of a complaint, a motion, an application, or any other means; (2) an
action opened by him in another federal district court and transferred to this Court, when that
action clearly should have been venued in this District, *see In re: Leon R. Koziol,* 15-AF-0005,
Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases); and (3) an
action opened by him in state court and removed to this Court by any party, when that action
was laden with federal claims (especially claims based on grounds previously trodden by
Respondent in this Court, and asserted against defendants who had been previously sued by
him in this Court on similar grounds), *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-5 &
nn.3 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases).

Clerk  of the Court shall also maintain a docket sheet associated with this case number and shall list all documents filed therein; and it is further

ORDERED that, before filing any pleadings or documents of any kind (including motions) *pro se* in the Court (except pleadings or documents in a case that is open at the time of the issuance of this Pre-Filing Order, until that case is closed), Respondent must first obtain permission from the Chief Judge or his or her designee.  To do so, Respondent must submit to the Court three documents in the form described below: (1) a petition requesting leave to file; (2) an affidavit containing information specified below; and (3) a copy of the pleading or document sought to be filed.  The filing shall be entitled "Application Pursuant to Court Order Seeking Leave to File," and shall contain the assigned file number in the caption; and it is further

ORDERED that a petition requesting leave to file must contain the following information:

(1) a statement advising the Court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was in any way involved in, any prior lawsuit or bankruptcy proceeding involving Respondent, and if so, in what capacity;

(2) a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which Respondent was or is a party, including (a) the name, case number and citation, if applicable, of each lawsuit, and (b) a statement indicating the nature of Respondent's involvement in each lawsuit and its current status or disposition;

4

(3) a list of all federal or state cases in which a judgment was rendered against Respondent, if any, including (a) the name, case number and citation, if applicable, (b) the amount of the judgment rendered against him, and (c) the amount, if any, of the judgment that remains outstanding and the reasons therefor;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Respondent, if any, including the name, case number and citation, if applicable; and

(5) a list identifying the procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution imposed against Respondent by any court, including all appellate courts, if any, including (a) the name, case number and citation, if applicable, of each case, (b) a brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed, (c) the type or amount of sanctions, (d) the outstanding amount of any sanctions or attorneys' fees, and (e) the current status or disposition of the matter; and it is further

**ORDERED** that Respondent shall also submit (with the above-described petition) an affidavit, in the proper legal form, with appropriate jurat and notarization, containing the following recitals:

(1) that the pleading or claims which Respondent wishes to present, or the relief which he seeks, has never before been raised by him and disposed of by any federal or state court and are not, to the best of his knowledge, barred by the doctrines of collateral estoppel or res judicata;

5

(2) that (a) to the best of Respondent's knowledge the claim or claims are not frivolous or asserted in bad faith, (b) they are well-grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law, and (c) the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization or entity; and

(4) that, in prosecuting the action, Respondent will comply with all federal and local rules of procedure, including those requiring the service on other parties of all pleadings and documents filed with the Court, and will provide the Court with acceptable proof that such service was made; and it is further

**ORDERED** that Respondent shall include with the above-described petition and affidavit a copy of the pleading and/or any other document(s) to be filed with the Court, and that the pleading and/or document(s) shall conform with the requirements of this Pre-Filing Order, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the District's Local Rules of Practice; and it is further

**ORDERED** that, upon filing of the Application Pursuant to Court Order Seeking Leave to File, the Clerk or his or her designated deputy shall docket the pleading and/or document(s) in the case and in accordance with the rules, and immediately forward them to the Chief Judge or his or her designee for review; and it is further

**ORDERED** that, if the Application Pursuant to Court Order Seeking Leave to File

6

includes a pleading of any kind, the Clerk shall **STAY** the case and shall not issue the requisite summonses until directed to do so by the Chief Judge or his or her designee; and it is further

ORDERED that, in deciding such an Application, the Chief Judge or his or her designee should consider the following:

(1) whether Respondent has complied with the procedures set forth in this Pre-Filing Order in all particulars;

(2) whether Respondent's pleading and/or document(s) comply with the Federal Rules of Civil Procedure and the District's Local Rules of Practice;

(3) whether the Respondent's pleading and/or document(s) are frivolous, abusive, harassing or malicious;

(4) whether the claims asserted in Respondent's pleading have been adjudicated previously by any state or federal court;

(5) whether Respondent has complied in all respects with Fed. R. Civ. P. 11 and all pleadings and documents would not give rise to liability for unreasonable and vexatious multiple filings;

(6) whether the pleading asserts claims against judges, court officials, public officers or any other individuals who may have immunity from suit; and

(7) whether the pleading and/or document(s) meet such other reasonable requirements established by the Court; and it is further

ORDERED that failure to comply with the procedures and principles set forth in this Order shall be grounds for denying the Application Pursuant to Court Order Seeking Leave to File without further review.  Likewise, false or misleading recitals in

7

the pleading or document shall be grounds for denial and may subject Respondent to

further sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and/or the Court's inherent

power to sanction a litigant for bad-faith conduct or for disobeying court orders; and it is

further

      **ORDERED** that Respondent is further advised that nothing in this Pre-Filing

Order (a) hinders his ability to defend himself in any criminal action brought against him,

(b) limits his access to any court other than the United States District Court for the

Northern District of New York, or (c) affects his rights in any of his currently pending

actions in state or federal court; and it is further

      **CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) that <u>any appeal from this Pre-

Filing Order would not be taken in good faith</u>; and it is further

      **ORDERED** that the Clerk shall serve a copy of this Pre-Filing Order on

Respondent by regular mail.

Signed:      May 19, 2022
               Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

8